**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUNFENG WANG,

              Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

              Respondent.

No. 11-73279

Agency No. A099-421-440

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Junfeng Wang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on both inconsistencies within Wang's testimony, and between his testimony and declaration, regarding where and when Wang was arrested for his house church activities. *See id.* at 1048 (adverse credibility determination was reasonable under the totality of the circumstances). We reject Wang's contention that the inconsistencies were minor or immaterial. *See id.* at 1043-44. The physician's letter Wang submitted to corroborate his claim of forced sterilization does not overcome the inconsistencies in his testimony. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). In the absence of credible testimony, Wang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to review Wang's unexhausted contentions regarding his wife's abortion, the IJ's failure to consider the country conditions reports, and

his arguments regarding a pattern and practice of persecution and the disfavored group analysis. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Finally, we reject Wang's contention that the BIA erred in finding that he did not meaningfully challenge the denial of CAT relief.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**